IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **CORETTA MCDOWELL,** Individually, and On Behalf of All Others Similarly Situated, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT AND** |
| **P-FISH PARTNERS, INC., P-FISH 2, L.L.C., PATRICK DENNIS,** and **SHARON DENNIS** | **JURY DEMAND** |
| Defendants. | |

Plaintiff, **CORETTA MCDOWELL**, individually and on behalf of all others similarly situated, by and through her attorneys, JTB LAW GROUP, L.L.C., and WILLIAMS LITIGATION GROUP, P.C., as and for her Complaint, alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated hourly employees, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Plaintiff, individually and on behalf of all others similarly situated hourly employees, brings this action under the FLSA in connection with Defendants' commonly applied policy and/or practice in violation of its statutory obligations to pay Plaintiff and the putative collective members for time worked off the clock and overtime compensation at a rate of time and a

1

half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

6. Defendant **P-FISH PARTNERS, INC.** ("P-FISH 1") is a domestic business corporation organized and existing under the laws of the State of Georgia. Defendant has annual gross revenues exceeding $500,000.00.

7. **P-FISH 1** is actively doing business in this State and District. Defendant maintains its headquarters at 60 Summerhill Place, Newnan, GA 30263.

8. Defendant **P-FISH 2, L.L.C.** (P-Fish 2) is a domestic business corporation organized and existing under the laws of the State of Georgia. Defendant has annual gross revenues exceeding $500,000.00.

9. **P-Fish 2** is actively doing business in this State and District. Defendant maintains its headquarters at 60 Summerhill Place, Newnan, GA 30263.

10. Upon information and belief, Defendants **PATRICK DENNIS** and **SHARON DENNIS** are the sole owners of P-Fish 1 and P-Fish 2. They reside at the same address as P-Fish 1 and P-Fish 2's headquarters, 60 Summerhill Place, Newnan, GA 30263.

11. **P-FISH 1, P-FISH 2, PATRICK DENNIS,** and **SHARON DENNIS** are hereinafter referred as "Defendants." Defendants operate a number of McDonalds franchises in the Newnan, GA area, and are engaged in interstate commerce as that term is defined under the FLSA.

12. At all relevant times herein, Plaintiff, **CORETTA MCDOWELL**, was and is a resident of Coweta County, State of Georgia.

13. At all relevant times herein, Plaintiff has been employed by Defendants as an hourly employee, working at Defendants' McDonalds franchises, which include the following locations:

    a. 3190 Highway 34 E., Newnan, GA 30265

    b. 1025 Highway 34 E., Newnan, GA. 30265.

    c. 1721 Newnan Crossing Blvd., Newnan, GA 30265.

    d. 986 Crosstown Ct., Peachtree City, GA

    e. 2717 Hwy 54 W., Peachtree City, GA

## FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

15. Defendants are privately owned establishments operating and conducting business in the foodservice industry. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

16. At all times relevant herein, Defendants have been an enterprise "engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

17. At all times relevant herein, Defendants were/are the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

18. At all times relevant herein, Defendants either directly or indirectly hired Plaintiff and all other similarly situated hourly employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

19. At all times relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all other similarly situated hourly employees.

20. At all relevant times herein, Plaintiff was and is employed by Defendants as an hourly-paid employee cooking, cleaning, and serving customers at Defendants' locations.

21. At all relevant times herein, Plaintiff and all other similarly situated persons employed by Defendants were/are classified as non-exempt from overtime.

22. At all relevant times herein, Plaintiff and all other similarly situated persons employed by Defendants were/are and paid an hourly rate of compensation.

23. During the applicable statutory period, Plaintiff and all other similarly situated hourly employees were required by Defendants and did frequently work off the clock, including, but

not limited to, time worked through lunch and after the end of scheduled shifts, without lawful compensation as required by the FLSA.

24. Although Plaintiff and similarly situated hourly employees worked through their lunch breaks and after their scheduled shifts had ended, Defendants deducted this time from their paychecks, by manipulating and falsifying their hours in their time-keeping program.

25. During the applicable statutory period, Plaintiff and all other similarly situated hourly employees were required by Defendants frequently worked over forty (40) hours per week

26. Defendants failed to compensate Plaintiff and all other similarly situated hourly employees proper overtime compensation at time and half (1.5) of their regular rates of pay for hours worked in excess of forty (40) per week, in violation of the FLSA.

27. Defendants' failure to pay employees for hours worked off the clock or to pay proper overtime compensation, as alleged herein, was/is willful, intentional and/or not in good faith.

28. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiff and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

29. Defendants have consistently, and continue to enforce a uniform policy and/or practice of permitting, encouraging, and/or requiring employees, including Plaintiff and the putative collective members, to work overtime and off the clock, without lawful compensation, as described herein.

30. At all relevant times herein, Defendants have failed to accurately record all of the hours worked by Plaintiff and all other similarly situated hourly employees, and failed to properly compensate them for time worked off the clock and overtime.

31. At all relevant times herein, starting more than three (3) years prior to the filing of this action and continuing to the present, Defendants have deprived Plaintiff and all other similarly situated hourly employees of proper compensation for hours worked off the clock and for overtime, as described herein.

32. Upon information and belief, at all times relevant herein, Defendants have failed to keep full and accurate records of Plaintiff and all other similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

33. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any administrative practice or enforcement policy of such department.

34. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

36. Plaintiff brings this action, individually and on behalf of all other similarly situated hourly employees, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

37. Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and the putative collective members for all of the unpaid off the clock wages and overtime compensation.

38. Plaintiff brings this claim for relief for Defendants' willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).
    a. The Collective is defined as follows:
        i. **All current and former employees of Defendant who were/are employed as hourly employees in the State of Georgia during the relevant Statue of Limitations period, and who:**
            1. **Were and/or are not paid for time worked off the clock; and/or**
            2. **Were and/or are not paid proper overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for hours worked in a work week in excess of forty (40).**
39. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defend29 ants' commonly applied policy and/or practice of forcing employees to work off the clock and overtime without proper compensation. Further, all members of the putative collective have been subjected to Defendants' willful and intentional violation of their statutory obligation to pay overtime compensation at time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week.
40. The Collective is so numerous that joinder of all members is impractical. While the exact number and identities of Collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least fifty (50) putative

collective members have worked for Defendant during the applicable statutory period without receiving appropriate overtime compensation, as required by law.

41. This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the Collective which predominates over any questions affecting only individual members, including:

   a. Whether Defendants are liable to Plaintiff and the putative collective members for violations of the FLSA;

   b. Whether Plaintiff and the putative collective members worked off the clock;

   c. Whether Defendants failed to compensate Plaintiff and members of the putative Collective for time worked off the clock, including adjusting Plaintiff and putative Collective members' timecards to exclude hours in excess of forty (40) in a week;

   d. Whether Plaintiffs and the putative collective members worked over forty (40) hours in a workweek;

   e. Whether Defendants failed to pay Plaintiff and members of the putative Collective proper overtime compensation for all hours in the work week in excess of forty (40).

42. Plaintiff has no interests antagonistic to the interests of the other members of the Collective. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in collective action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective.

43. Collective certification is also fair and efficient because prosecution of separate actions by individual Collective members would create a risk of differing adjudications with respect to

such individual members of the Collective, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

44. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis..

## FIRST CLAIM FOR RELIEF

**(Individual Claims for Violation of FLSA)**

45. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

46. Defendants required Plaintiff to work hours off the clock but failed to pay Plaintiff lawful compensation for time worked off the clock

47. Plaintiff was required by Defendants and did regularly work over forty (40) hours a week, but Defendant failed to pay Plaintiff proper overtime compensation at time and half (1.5) her regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

48. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

49. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

50. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid

amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

51. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Defendants required Plaintiff and the other similarly situated hourly employees to work time off the clock without any lawful compensation.

53. Plaintiff and other similarly situated hourly employees were required by Defendants and did regularly work over forty (40) hours a week, but Defendants failed to pay Plaintiff and similarly situated hourly employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

54. Defendants' failure to pay Plaintiff and the other similarly situated employees proper overtime compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40) violates the FLSA.

55. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

56. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

57. As a result of the foregoing, Plaintiff and the other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at

trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.  A declaratory judgment that Defendants' wage policy and/or practice alleged herein violates the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.  Judgment for damages for all unpaid off the clock and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

C.  An order for injunctive relief, ordering Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA, and related laws and regulations.

D.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff and the putative collective members during the applicable statutory period.

E.  Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

F.  An order requiring Defendants, at their own expense, to investigate and account for the number of hours worked by the Plaintiff and putative Collective members.

G.      An order directing Defendants to pay Plaintiff and members of the putative Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action.

H.      An incentive award for the lead Plaintiff.

I.      Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

J.      Such other and further relief as to this Court may deem necessary, just and proper.

Respectfully submitted, this 17 day of October, 2013.

**WILLIAMS LITIGATION GROUP, P.C.**

By: /s/ Nathan T. Williams
Nathan T. Williams
1709 Reynolds Street
Brunswick, GA 31520
Post Office Box 279
Brunswick, GA 31521-0279
(912)) 264-0848 (office)
(912) 264-6299 (fax)
*Attorneys for Plaintiff*

**JTB LAW GROUP, LLC**

By: /s/ Jason T. Brown
Jason T. Brown (Will Seek Pro Hac Vice Admission or Permanent Admission)
Gian M. Fanelli (Will Seek Pro Hac Admission or Permanent Admission)
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
*Attorneys for Plaintiff*